UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

August 14, 2020

MEMORANDUM TO PARTIES RE:   Tamara Rouhi v. Comcast Center
Civil Action No. GLR-19-703

Dear Parties:

Pending before the Court is Plaintiff Tamara Rouhi's Motion for Reconsideration (ECF No. 9). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will deny the Motion.

On March 6, 2019, Rouhi, proceeding pro se, filed a Complaint alleging that Defendant Comcast Center ("Comcast") harassed, defrauded, and overcharged her for internet and television services from October 2016 through September 2018. (Compl., ECF No. 1). On June 13, 2019, Comcast filed a Motion to Compel Arbitration and to Dismiss Plaintiff's Complaint, or in the Alternative, to Stay Action. (ECF No. 5). Once the motion was fully briefed, the Court issued an Order on November 27, 2019, granting Comcast's motion and dismissing the case. (ECF No. 8). Rouhi filed a Motion for Reconsideration on December 11, 2019. (ECF No. 9). Comcast filed an Opposition on December 20, 2019. (ECF No. 10). Rouhi filed a Reply on March 9, 2020. (ECF No. 11).

Although the Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration," Rule 59(e) authorizes a district court to alter or amend a prior final judgment. See Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 470 n.4 (4th Cir. 2011). Motions brought pursuant to Rule 59(e) must be filed within twenty-eight days of the final judgment. Bolden v. McCabe, Weisberg & Conway, LLC, No. DKC 13-1265, 2014 WL 994066, at *1 n.1 (D.Md. Mar. 13, 2014). A district court may only alter or amend a final judgment under Rule 59(e) in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." United States ex rel. Carter v. Halliburton Co., 866 F.3d 199, 210 (4th Cir. 2017) (citing Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). A Rule 59(e) amendment is "an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)). Accordingly, "[a] motion for reconsideration is 'not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request.'" Lynn v. Monarch Recovery Mgmt., Inc., 953 F.Supp.2d 612, 620 (D.Md. 2013) (quoting Sanders v. Prince George's Pub. Sch. Sys., No. RWT 08CV501, 2011 WL 4443441, at *1 (D.Md. Sept. 21, 2011)).

Here, Rouhi has failed to identify any changes in controlling law, newly discovered evidence, or any clear error by the Court or other injustice that would warrant reconsideration of the Court's November 27, 2019 Order. Rouhi merely asserts that "The State of Minnesota [v.] Comcast, a case regarding fraud/billing errors, was litigated. To maintain equality, I think that my case should be re-opened." (Mot. Recons. at 1, ECF No. 9). To the extent Rouhi argues that there has been a change in controlling law, her argument fails. Rouhi neglected to provide a citation to the Minnesota case and failed to explain how the Minnesota case applies to, or otherwise impacts the previous decision rendered in, this case. Thus, the Court is unable to locate the Minnesota case, let alone determine if the case warrants reconsideration of this Court's earlier decision. Rouhi's Reply does nothing to elucidate her reason for seeking reconsideration and, if anything, illustrates her desire to relitigate the arbitration issue merely because she is dissatisfied with the Court's previous ruling. The Court declines to revisit the issue on that basis. See Lynn, 953 F.Supp.2d at 620.

For the reasons stated above, Rouhi's Motion for Reconsideration (ECF No. 9) is DENIED. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly and to mail a copy of this Order to Rouhi at her address of record.

Very truly yours,

/s/
George L. Russell, III
United States District Judge